Singh v. Barr

BIA
Laforest, IJ
A205 586 261

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand nineteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

MANPREET SINGH,
> *Petitioner,*

> v.                                                17-2522
>                                                   NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Jaspreet Singh, Jackson Heights,
                             NY.

FOR RESPONDENT:              Chad A. Readler, Acting Assistant
                             Attorney General; Jeffery R.
                             Leist, Senior Litigation Counsel;
                             Colette J. Winston, Trial
                             Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manpreet Singh, a native and citizen of India, seeks review of a July 25, 2017, decision of the BIA affirming a November 8, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manpreet Singh,* No. A205 586 261 (B.I.A. July 25, 2017), *aff'g* No. A205 586 261 (Immig. Ct. N.Y. City Nov. 8, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

The multiple inconsistencies among Singh's statements and documentary evidence provide substantial evidence for the adverse credibility determination. First, Singh's testimony was internally inconsistent and inconsistent with his asylum application regarding whether he or his father reported a May 2012 incident to the police. The IJ was not required to credit Singh's explanation that he was confused about the dates. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief;

3

he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)).

Second, there were discrepancies between Singh's testimony and a letter from a clinic regarding his treatment in June 2012 and how long he was hospitalized and whether he had broken bones. The IJ could reasonably expect that the letter would specify broken bones and not a generic "injury." *See Hong Fei Gao*, 891 F.3d at 78-79 ("in assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances"). Singh's response that he received stiches on his finger added further inconsistency.

Third, Singh was inconsistent about injuries following a second beating because again a clinic letter did not specify that Singh had broken bones and did not confirm Singh's allegation that he was hospitalized for five days. The agency was not required to credit Singh's explanation that the local doctor made a mistake or that Singh's reference to a "broken" leg meant torn muscles, as Singh testified that the doctor took an x-ray and saw a fracture. *See Majidi*, 430

4

F.3d at 80.

Fourth, Singh's testimony was internally inconsistent regarding the timeline of events. Singh testified that he went to live with his aunt in May 2012. However, he also testified that while he was staying with his aunt, Congress Party members spotted him at a rally in March 2012. Fifth and relatedly, Singh's testimony was internally inconsistent regarding the location of a rally. The agency was not required to credit Singh's explanation that he made a mistake regarding the location because he was scared and confused, as Singh did not explain why he was confused. *See id.*

Sixth, we defer to the IJ's demeanor finding, which bolsters the adverse credibility determination. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (deferring to demeanor finding "in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."). Moreover, the record reflects that Singh gave non-responsive answers and did not respond to certain questions.

Finally, the agency reasonably concluded that Singh's

documentary evidence did not rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). As discussed previously, the clinic letters were inconsistent with Singh's testimony. The IJ also reasonably gave diminished weight to affidavits prepared by individuals in India who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and deferring to IJ's decision not to credit letter from spouse in China); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Given the demeanor finding and the inconsistencies among Singh's testimony, application, and documentary evidence, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. S 1158(b)(1)(B)(iii); *Xiu Xia*

6

*Lin*, 534 F.3d at 167.  Because Singh's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court